IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO:   MO:20-CR-00040 (01) |
| | § | |
| CHANEL LOREN TRIM | § | |

## ORDER

BEFORE THE COURT is Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 60) filed March 5, 2026, the Government's Response to the Defendant's Motion (Doc. 62) filed April 20, 2026, and the Defendant's Reply to the Government's Response (Doc. 64) filed April 28, 2026. After reviewing the merits of Defendant's motion and all the pleadings in the case, the Court sees no extraordinary or compelling reason that warrants granting Defendant's motion. The factors listed in 18 U.S.C. § 3553(a), along with the applicable policy statements issued by the Sentencing Commission, do not support granting Defendant's motion.

Specifically, the Court finds that because of the nature and circumstances of Defendant's offense and her criminal history and characteristics, reducing Defendant's sentence is not justified. Reducing Defendant's sentence would likewise fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, and protect the public from further crimes.[1]

---

[1] *See United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023) ("We've repeatedly held that perfunctory orders justify a discretionary decision to deny relief under § 3582(c)(1).").

1

It is therefore **ORDERED** the Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) is **DENIED.**

It is so **ORDERED**.

**SIGNED** this 23rd day of June, 2026.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

2